STATE OF MAINE

*vs.*

FRED REED, FRED THORNTON AND MORRIS ALPREN.

Androscoggin.  Opinion December 29, 1910.

*Bail. Scire Facias. Pleading. Demurrer.*

In scire facias on a recognizance, the objection that the officer's return on the writ fails to disclose a reason for not serving the precept on all of the defendants cannot be availed of by demurrer going wholly to the declaration, as the officer's return is no part of the declaration.

On exceptions by defendant Alpren.   Overruled.

Scire facias on a recognizance in criminal prosecution brought by the State against the defendant Reed as principal and the other defendants as sureties.

The case is stated in the opinion.

The declaration in the writ of scire facias is as follows:

"Whereas, on the 28th day of May A. D. 1908, before the Supreme Judicial Court, sitting at Auburn, within and for the County of Androscoggin, personally appeared Fred Reed, as principal and Fred Thornton and Morris Alpren as sureties of Lewiston and acknowledged themselves to be jointly and severally indebted to the State of Maine in the sum of fifteen hundred dollars, to be levied upon their several goods and chattels, lands and tenements,

and in want thereof upon their bodies, if default should be made in the performance of the condition to which said recognizance was subject; of the following tenor to wit:

"'The condition of this recognizance is such that whereas there is now pending in the Supreme Judicial Court within and for the County of Androscoggin, an indictment in which the said Fred Reed is charged with the crime of keeping and maintaining a common nuisance, in the course of the proceedings upon which questions of law requiring the decision of the Supreme Judicial Court have arisen: Now if the said Fred Reed shall personally appear at the said Supreme Judicial Court to be held at Auburn within and for said County of Androscoggin, from term to term, until and including the term of said court next after the certificate of decision shall be received from said Justices, and shall abide the decision and order of court thereon, and shall not depart without license, then this recognizance shall be void, otherwise to be and remain in full force and virtue.'

"And whereas there was an indictment then pending in the Supreme Judicial Court in the County of Androscoggin in which the said Fred Reed was charged with the crime of keeping and maintaining a common nuisance.

"And whereas F. X. Belleau, Clerk of said Supreme Judicial Court at Auburn within and for the County of Androscoggin on the 14th day of December A. D. 1909 received a certificate of decision from said Justices as follows, viz.: 'Exceptions overruled.'

"And whereas at a term of said Supreme Judicial Court held at said Auburn within and for the County of Androscoggin on the third Tuesday of January A. D. 1910, the said term being the next term thereof after said certificate of decision was received, as appears of record in said Supreme Judicial Court now remaining, to wit, on the 27th day of January A. D. 1910, the said Fred Reed, although solemnly called to come into said Supreme Judicial Court, did not appear, but made default and the said Fred Thornton and Morris Alpren, although solemnly called to bring in the body of the said Fred Reed, did not appear, but made default, which also appears of record; whereby the said sum of fifteen hundred dollars became

forfeited to us by the said defendants, which sum hath not been paid, but still remains to be levied in manner aforesaid, to our use; We, therefore willing to have the said sum so due to us, with speed paid and satisfied as justice requires, command you to attach the goods and estate of the said defendants to the value of fifteen hundred dollars, and make known to the said defendants, if they may be found in your precinct, that they be before our Justices of our said Court, next to be held at Auburn in and for said County of Androscoggin on the third Tuesday of April A. D. 1910, to show cause, if any they have, why we ought not to have judgment, and our writ of execution thereon against them the said defendants, for the sum by them forfeited as aforesaid, and costs; And further to do and receive that which the said court shall then consider. Hereof fail not and have there this writ with your doings therein."

*Frank A. Morey,* County Attorney, for the State.

*Herbert E. Holmes,* for defendant Alpren.

SITTING: EMERY, C. J., WHITEHOUSE, SPEAR, KING, BIRD, JJ.

WHITEHOUSE, J. This is an action of scire facias brought in behalf of the State against the respondents who acknowledged themselves to be jointly and severally indebted to the State on a recognizance in a criminal prosecution in the Supreme Judicial Court against the defendant Reed as principal and the other defendants as sureties. The action was made returnable at the April term, 1910, of that court. The officer's return on the writ shows that March 28, 1910, service of the precept was made on the defendant Alpren only, and states no reason for the failure to make service on the other two defendants. The action was duly entered at the return term and continued to the next September term, when on the 29th day of the term, the death of the defendant Thornton was suggested on the docket and the State discontinued as to him. On the same day the defendant Morris Alpren filed a demurrer, in which it is alleged that "the plaintiff's declaration is insufficient in law in this, that the plaintiff in its writ has declared upon a joint and several indebtedness and its form of action in this suit is a joint action

against Fred Reed, Fred Thornton and this defendant jointly, whereas the record of the officer's return of said writ shows that this defendant alone has been summoned to answer to this writ and no reason is shown why the other two defendants should not be summoned."

The demurrer was overruled by the presiding Justice and the case comes to the Law Court on exceptions to this ruling.

It is the opinion of the court that the ruling was correct. The defendants' demurrer goes wholly to the plaintiff's declaration, and he prays judgment for want of a sufficient declaration. The officer's return is no part of the declaration, and is not reached by the demurrer. *State* v. *Walsh*, 96 Maine, 409. In that case it was held that upon demurrer to the complaint only in a criminal case the court is not authorized to consider alleged defects in the warrant or return. See also *State* v. *Kyer*, 84 Maine, 109.

In the case at bar it is not in controversy that the writ and declaration are in proper form. The defendants only complaint is that the officer's return fails to disclose the reason for not serving the precept on all of the defendants. In *State* v. *Chandler*, 79 Maine, 174, cited by the defendant, it appeared from the face of the declaration that the suit was against two of three joint contractors, and there being no averment of the death of the third one who was not made a defendant, it was held, under the familiar rule, that such non-joinder was ground for demurrer as well as abatement. But in the case at bar there is no claim or suggestion that any defect appears on the face of the plaintiff's declaration.

If the defendant had any legal grievance, his remedy therefor if any, was not by demurrer. 1 Chitty on Pl. (16th Ed.) 51; *Bank* v. *Treat*, 6 Maine, 207; *Sawtelle* v. *Jewell*, 34 Maine, 543; *Nickerson* v. *Nickerson*, 36 Maine, 417; *Richardson* v. *Rich*, 66 Maine, 252.

The certificate must accordingly be,

*Exceptions overruled.*
*Judgment for the State.*